# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-789V
**(not to be published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CHEREE ROACH and JASON ROACH, *on behalf of their minor child*, I.R., | * * * * | Chief Special Master Corcoran |
| Petitioners, | * * | Dated: January 31, 2022 |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * | |
| Respondent. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioners.

*Matthew Murphy*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On June 29, 2020, Cheree and Jason Roach, on behalf of their minor son, I.R., filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] alleging that the measles, mumps, and rubella ("MMR") vaccine I.R. received on March 5, 2019 caused him to develop Pediatric Autoimmune Neuropsychiatric Disorder ("PANS") and/or Tourette syndrome.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

By February 2021, Petitioners had filed all relevant and outstanding medical records. ECF No. 18. Respondent thereafter filed a Rule 4(c) Report on May 14, 2021, arguing that the Petition should be dismissed for insufficient proof "absent further submission of reliable medical evidence linking IR's alleged injuries to the MMR vaccination." *See* Report, dated May 14, 2021 (ECF No. 22). The matter (which had been assigned to me then reassigned for a period) was then transferred back to me on August 26, 2021, and I held a status conference with the parties on September 27, 2021, to provide them with my initial reaction to the claim.

At that conference, I expressed some concerns about the claim's viability. I therefore ordered Petitioners to show cause, on or before January 14, 2022, why their Petition should not be dismissed. ECF No. 29. Petitioners failed to act by that deadline, however, and so on January 21, 2022, Chambers contacted Petitioners' counsel via email to see whether Petitioners planned to file anything. Petitioners did not respond to the informal communication, so I ordered Petitioners to immediately file their overdue brief, or risk dismissal of the claim entirely for failure to adhere to my orders. ECF No. 31.

Petitioners have now filed a motion for a decision dismissing the claim. *See* Motion, dated January 27, 2022 (ECF No. 32) ("Motion"). In it, Petitioners maintain that the MMR vaccine administered to I.R. was the cause of I.R.'s PANS and/or Tourette syndrome, but nonetheless request a decision dismissing their claim based on the assessment that they are unlikely to be able to meet the burden of proof required in the Vaccine Program. *See* Motion at 2. Petitioners also acknowledge in their motion that they understand a decision dismissing their petition will result in a judgment against them, and that such a judgment will end all their rights in the Vaccine Program. *Id.* And they expressed their intent to protect their rights to file a civil action in the future, and thus (pursuant to 42 U.S.C. § 300aa-21(a)(2)) they intend to elect to reject the Vaccine Program judgment against them and elect to file a civil action at the appropriate time. *Id.* at 3.

## ANALYSIS

The provisions under the Vaccine Rules for ending a case before a decision has been issued are largely inapplicable herein. Petitioners may no longer avail themselves of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report, and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Petitioners seek entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3).

Accordingly, the only remaining channel for the relief Petitioners request is a "motion seeking dismissal"—a mechanism for ending cases that other claimants have used, either because they have determined that the claim cannot succeed, or simply because they choose not to continue

with the claim, but have reached that determination after the time to act under Rule 21 has passed. *See, e.g.*, *Goldie v. Sec'y of Health & Human Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl Spec. Mstr. Oct. 11, 2019). Dismissal of Vaccine Program cases at this particular stage of the litigation is not uncommon. Indeed, the rules of the Court of Federal Claims (which are properly applied herein) permit dismissal of claims at a petitioner/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2).

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioners to meet their burden of proof. Therefore, Petitioners' claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioners' case. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.

## CONCLUSION

Petitioners' Motion for a Decision Dismissing their Petition is hereby GRANTED, and the Petition is dismissed **with prejudice**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.